IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs November 15, 2016

### RICHARD L. VOWELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Anderson County**
**No. B3C00410     Donald R. Elledge, Judge**

_____

#### No. E2016-00374-CCA-R3-PC

_____

The Petitioner, Richard L. Vowell, appeals from the Anderson County Circuit Court's summary denial of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred in finding that his petition was untimely filed because the statute of limitations should have been tolled on due process grounds. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Richard L. Vowell, Wartburg, Tennessee, Pro Se (on appeal); and J. Thomas Marshall, Jr., District Public Defender (at hearing), for the appellant, Richard L. Vowell.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; David S. Clark, District Attorney General; and Anthony Jay Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

#### OPINION

#### FACTUAL BACKGROUND

On August 11, 2000, the Petitioner pled guilty in the Anderson County Circuit Court to one count of second degree murder and received a thirty-five-year sentence. The judgment form and the plea agreement documents reflected that the Petitioner's sentence was to be served concurrently with his sentence in Knox County Criminal Court case number 67167 and consecutively to his sentence in Knox County Criminal Court case number 65964. There was no mention in the judgment form, in the plea agreement documents, or at the plea submission hearing of the Petitioner having an outstanding

federal sentence or how his thirty-five-year sentence would be served in relation to any federal sentence.

On August 20, 2013, well past the one-year statute of limitations, the Petitioner filed a pro se petition for post-conviction relief. The petition alleged that before the Petitioner pled guilty in Anderson County Circuit Court, he had pled guilty in federal court to an unrelated charge and had received a fifteen-year sentence. The petition further alleged that, at the time he pled guilty in Anderson County Circuit Court, trial counsel had led the Petitioner to believe that his thirty-five-year sentence and his fifteen-year federal sentence would be served concurrently. According to the petition, the Petitioner believed this until April 2013, when he attempted to check on the status of his federal sentence. He was informed that he had actually not begun to serve it, and that it would be imposed consecutively to his thirty-five-year sentence.

Counsel was appointed to represent the Petitioner, and an evidentiary hearing was held solely to address the timeliness of the petition. At the hearing, a letter dated December 15, 1999, to the Petitioner from the attorney representing him in his Knox County cases was introduced into evidence. In the letter, the attorney informed the Petitioner that the State had proposed a plea agreement that would "be concurrent to [his] federal sentence." A second letter, this one from trial counsel to the Petitioner and dated June 28, 1999, was also introduced. Trial counsel stated in the letter that the prosecutor had "indicated a willingness to allow a second degree murder conviction to be served concurrent with [the Petitioner's] federal charge." The judgment in the Petitioner's federal case was entered on November 15, 1999, and only stated that the Petitioner's sentence was to "run consecutively" to a nine-year state sentence from Blount County Circuit Court that he was "presently serving."

At the hearing, trial counsel testified that he remembered "there were discussions about" having the Petitioner's federal and state sentences run concurrently and that he thought "the [S]tate was going to try to do that." Trial counsel further testified that he did not think that "the last discussions [he] had with [the Petitioner] indicated that [the sentences] would run concurrent[ly]" because "there was some consternation" on the day of the plea submission hearing and the prosecutor had stated that "it wasn't up to her. [That] [s]he couldn't do anything more than she had done." When asked about the fact that the federal sentence was not included "in any of the plea papers or anything else," trial counsel explained that he "thought [it] was the best [they] could do" because under state law, sentences were presumed to be concurrent if the trial court is "aware of [the] charge and [the judgment form was] silent."

Trial counsel testified that the Petitioner "was concerned with the federal time obviously, and it was important to him." Trial counsel stated that he thought the fact that the concurrent nature of the state and federal sentences "wasn't wrapped up in a bow"

had "caused [the Petitioner] consternation on the day of the plea." When asked if he ever promised the Petitioner "concurrent time," trial counsel responded as follows, "I promised to try to get it. I told him that I thought I had it, but then I didn't get it." Trial counsel acknowledged that in April 2013, he sent a letter to the Petitioner, which noted that the Anderson County sentence was concurrent to one of his Knox County sentences and stated that "[h]opefully this [would] dovetail[] with [the Petitioner's] federal charge." Trial counsel testified that it was in April 2013 that he "learned that it was up to the feds what happened."

The Petitioner testified that he pled guilty in his federal case "first . . . so that [his Knox County attorney could] arrange [to have his] state time run concurrent with that federal sentence." After his plea in federal court, the Petitioner was taken into federal custody. While in federal custody, the Petitioner received the June 1999 letter from trial counsel regarding his Anderson County case. The Petitioner testified that it was his understanding from the letter that trial counsel and the prosecutor "had come to an agreement to allow . . . [his] Anderson County murder case to run concurrent[ly] with [his] federal case."

According to the Petitioner, he was taken from federal custody in order to plead guilty in Anderson County Circuit Court, and he was never returned to federal custody. However, the Petitioner testified that even though he was in state custody, he thought his federal sentence was running concurrently with his state sentences. The Petitioner explained that he thought this because his Anderson County sentence was to run concurrently with one of his Knox County sentences, which were supposed to run concurrently with his federal sentence. The Petitioner testified that he wrote to the Federal Bureau of Prisons in February 2013 because he believed he was close to completing his Knox County sentences and that he filed his petition for post-conviction relief shortly after receiving a response that his federal sentence would not begin until he had served all of his state sentences.

At the conclusion of the hearing, the post-conviction court summarily denied the petition. The post-conviction court noted that the plea agreement documents, judgment form, and plea submission hearing made no mention of the federal sentence. The post-conviction court also accredited trial counsel's testimony that he told the Petitioner "that the D.A. said she had done all she could do and obviously this was not part of his sentence." The post-conviction court concluded that due process concerns did not toll the statute of limitations in this case. The post-conviction court further concluded that no other possible grounds for tolling the statute of limitations existed in this case. The Petitioner now appeals to this court.

## ANALYSIS

The Petitioner contends that the post-conviction court erred in finding that his petition was untimely filed because the statute of limitations should have been tolled on due process grounds. Specifically, the Petitioner argues that his claim for post-conviction relief arose after the statute of limitations had expired and that trial counsel had committed misconduct by creating "an ongoing misrepresentation" that the state and federal sentences were being served concurrently. The State responds that the post-conviction court properly denied the petition for being untimely filed.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, it was undisputed that the one-year statute of limitations expired years before the petition was filed.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Post-Conviction Procedure Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Petitioner alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Id. at 623-24.

This court has previously held that when a guilty plea is entered by a defendant with the expectation that his federal and state sentences will be served concurrently, such a guilty plea is unknowing, involuntary, and subject to post-conviction attack. James L. Crawford v. State, No. E2010-00425-CCA-R3-PC, 2011 WL 1745187, at *2 (Tenn.

-4-

Crim. App. May 9, 2011) (citing cases). However, the fact that the Petitioner was unaware that his state and federal sentences were not being served concurrently does not mean that he has a late arising claim because "[m]ere ignorance of a factual or legal basis for seeking post-conviction relief does not require tolling of the statute of limitations." Id. at *3.

Furthermore, for an attorney's misconduct to require tolling of the statute of limitations, the attorney must act "in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." Whitehead, 402 S.W.3d at 631. Here, the post-conviction court found that trial counsel informed the Petitioner when the prosecutor stated that the concurrency of the federal sentence "wasn't up to her." Likewise, there was no mention of the federal sentence in the judgment form, in the plea agreement documents, or at the plea submission hearing.

Additionally, trial counsel was confused about the effect of not mentioning the federal sentence on the judgment form of the state conviction, mistakenly believing that this silence would result in concurrent sentencing. See Tenn. R. Crim. P. 32(c)(2)(B) (providing that a trial court "shall impose a sentence that is consecutive to any . . . unserved [prior non-Tennessee] sentence unless the court determines in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders"). While we believe that trial counsel's actions regarding this issue were negligent, we do not believe that they rise to the level of "actively lying or otherwise misleading" the Petitioner. Accordingly, we conclude that the post-conviction court did not err in summarily denying the petition for having been untimely filed.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-5-